IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| LUCAS JULIUS ARNOLD, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-3016-DDC-TJJ |
| CITY OF WICHITA POLICE, DEPARTMENT, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Sedgwick County Detention Facility in Wichita, Kansas ("SCDF"). Plaintiff's Complaint alleges he suffered injuries in an incident involving Wichita police officers. This matter is before the Court on a letter from Plaintiff which the Court construes as a Motion to Appoint Counsel (ECF No. 3).

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case.[1] The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.[2] "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[3] It is not enough "that having counsel appointed would have assisted

---

[1] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[2] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[3] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

1

[the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."[4]

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[5] The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives summary dismissal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is denied without prejudice**.**

**IT IS SO ORDERED**.

Dated this 8th day of March, 2019, in Kansas City, Kansas**.**

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[4] *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[5] *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).