IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LUCAS JULIUS ARNOLD,

    Plaintiff,

v.

CITY OF WICHITA POLICE
DEPARTMENT, et al.,

    Defendants.

Case No. 19-3016-DDC-TJJ

## MEMORANDUM AND ORDER

On February 6, 2019, pro se plaintiff[1] Lucas Arnold filed a Complaint under 42 U.S.C. § 1983 against the City of Wichita, Wichita Police Department ("WPD"), and WPD Officers Bradley Berry and Rick M. Pena (Doc. 1). This matter comes before the court on defendants' Motions to Dismiss (Docs. 18 & 23) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[2] Plaintiff has responded (Doc. 26).[3] For reasons explained below, the court grants defendants' Motions to Dismiss.

---

[1]     Because plaintiff proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

[2]     City of Wichita and WPD have filed a joint motion (Doc. 18), and defendants Berry and Pena have filed a separate joint motion (Doc. 23).

[3]     The court granted plaintiff until November 14, 2019, to respond to defendants' Motions to Dismiss. Doc. 25 at 3. Plaintiff filed his Response (Doc. 26) on November 18, 2019. Plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). But the court, in its discretion, has decided to accept the plaintiff's late filing and decide the motions on their merits.

I.    **Background**

The Complaint alleges few facts, but the court recites those facts below and views them in the light most favorable to plaintiff. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) ("We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiff]." (citation and internal quotations marks omitted)).

Defendants Berry and Pena "ran [plaintiff] off the road" in their police car on January 5, 2018. Doc. 1 at 2, 4. "Every time [plaintiff] tried to stop [his] motorcycle [the officers] would spe[e]d up." *Id.* at 2. The officers "ran [plaintiff] down until [he] had nowhere to go but into the river." *Id.* The resulting wreck knocked out plaintiff's teeth, and caused him permanent back and shoulder injuries and memory loss. *Id.* For relief, plaintiff seeks "maximum payout." *Id.* at 6.

II.   **Legal Standard**

A. **Fed. R. Civ. P. 12(b)(1)**

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. § 1331; 28 U.S.C. § 1332. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction, and the party invoking jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### B. Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not include "'detailed factual allegations,'" but it must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Essentially, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). This plausibility standard reflects the requirement in Fed. R. Civ. P. 8 that pleadings must provide defendants with fair notice of the nature of the claims as well as the grounds for each claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191–92 (10th Cir. 2012); *see also* Fed R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain [a] short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

When considering a Rule 12(b)(6) motion, a district court must accept as true all factual allegations in the complaint, but it need not extend this presumption to any legal conclusions it asserts. *Iqbal*, 556 U.S. at 678. Viewing the complaint in this fashion, a court must decide whether plaintiff's allegations give rise to more than speculative possibilities. *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). If the allegations in the complaint allow a district court "to draw the reasonable inference that defendant is liable for the misconduct

alleged," the claim has facial plausibility and the court should not dismiss it under Rule 12(b)(6). *Davenport v. Wal-Mart Stores, Inc.*, No. 14-CV-2124-JAR-JPO, 2014 WL 3361729, at *2 (D. Kan. July 9, 2014). But, if the allegations in the complaint at issue are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

**III. Discussion**

The court first addresses WPD's argument that the court must dismiss WPD as a defendant because it lacks the capacity to be sued. Second, the court addresses the argument that plaintiff has failed to state a claim against all four defendants because no "seizure" occurred under the Fourth Amendment. Finally, the court addresses the alternative argument that defendants Berry and Pena have qualified immunity. For the reasons explained below, the court grants defendants' Motions to Dismiss (Docs. 18 & 23).

**A.    The Wichita Police Department is not an entity subject to suit.**

First, the court lacks jurisdiction over WPD because under Kansas law, "subordinate government agencies do not have the capacity to sue or be sued in the absence of statute." *Hopkins v. State*, 702 P.2d 311, 315 (Kan. 1985). A city police department is "only a subunit of city government and, therefore, is not a governmental entity subject to suit." *Whayne v. Kansas*, 980 F. Supp. 387, 391 (D. Kan. 1997); *see also Creamer v. Ellis Cty. Sheriff's Dep't*, No. 08-4126-JAR, 2009 WL 1870872, at *5 (D. Kan. June 29, 2009) ("Because the Kansas legislature has not expressly nor impliedly provided a county sheriff's department with the capacity to sue or be sued, the Court grants the Sheriff's Department's motion to dismiss."); *Barngrover v. Cty. of Shawnee*, No. 02-4021-JAR, 2002 WL 1758914, at *2 (D. Kan. June 10, 2002) ("[T]he

Shawnee County Department of Corrections is a sub unit of government and cannot be sued absent specific statutory authority.").

As a subunit of city government, WPD does not have the capacity to sue or be sued absent statutory authority. *See Baker v. Colo. Springs Police Dep't*, 42 F.3d 1406, 1994 WL 673070, at *1 (10th Cir. Nov. 30, 1994) (holding that city police department was not susceptible to suit because it was "merely a subunit" of city government). And the Complaint provides no statutory authority authorizing suit against a city police department. The court thus denies plaintiff's claim against WPD.

### B. Plaintiff fails to state a Fourth Amendment violation because no "seizure" occurred.

All defendants argue that the Complaint fails to state a claim under the Fourth Amendment and § 1983. Section 1983 imposes civil liability on one "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 "does not provide any substantive rights at all." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979). To impose liability on a defendant, "it is necessary to isolate the precise constitutional violation with which he is charged." *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Here, the Complaint never identifies the constitutional basis for plaintiff's § 1983 claim. The Complaint asserts only that defendants Berry and Pena "ran [him] down until [he] had

5

nowhere to go but into the river." Doc. 1 at 2. Defendants construe this allegation as a Fourth Amendment claim. The court agrees with their interpretation and, indeed, the court can find no other alternative. The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

Defendants assert that plaintiff has failed to state a claim under the Fourth Amendment because no "seizure" ever occurred. Doc. 19 at 3–5; Doc. 24 at 3–5. "To state a claim under the Fourth Amendment, plaintiffs must show both that a 'seizure' occurred and that the seizure was 'unreasonable.'" *Childress v. City of Arapaho*, 210 F.3d 1154, 1156 (10th Cir. 2000) (quoting *Brower v. Cty. of Inyo*, 489 U.S. 593, 599 (1989)). Fourth Amendment seizures require an "'intentional acquisition of physical control.'" *Id.* (quoting *Brower*, 489 U.S. at 596).

In *Steen v. Myers*, the Seventh Circuit considered a Fourth Amendment claim in the context of a motorcycle chase. 486 F.3d 1017 (7th Cir. 2007). In that case, the officer had turned on his lights and siren to try to stop a suspect who had fled by motorcycle. *Id.* at 1019. The suspect did not pull over, and the officer pursued him. *Id.* The chase ended a few minutes later with the motorcycle leaving the road, killing the suspect. *Id.* The court concluded that in a § 1983 case based on a police chase, a plaintiff "has the burden of proving two things: that the officer forcibly stopped the vehicle and that the contact was intentional." *Id.* at 1022 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998)). The court held that "[i]n the context of a police pursuit, a Fourth Amendment seizure does not occur unless an officer intentionally and forcibly halts the fleeing suspect." *Id.* at 1021.

Here, plaintiff alleges only that Officers Berry and Pena "ran [him] down until [he] had nowhere to go but into the river." Doc. 1 at 3. Plaintiff never alleges any facts suggesting "an

6

intentional acquisition of physical control." *Childress*, 210 F.3d at 1156. He never alleges that the officers stopped him or intentionally made contact with him. *Steen*, 486 F.3d at 1022. Indeed, he never alleges that they made contact with him at all—intentionally or otherwise. The Complaint alleges only that officers would speed up every time plaintiff tried to stop, resulting in the motorcycle crash. Doc. 1 at 2. Plaintiff thus has failed to state a claim under the Fourth Amendment. *See Brower*, 489 U.S. at 597 (no seizure would have occurred in hypothetical situation where suspect lost control of his car and crashed, when police car only "sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit."); *see also Rowe v. City of Marlow*, 116 F.3d 1489, 1997 WL 353001, at *4 (10th Cir. June 26, 1997) (no seizure occurred where driver stopped because she lost control of her car during police chase because police did not stop her through "'means intentionally applied.'" (quoting *Brower*, 489 U.S. at 597)). The court thus dismisses plaintiff's claim against City of Wichita and defendants Berry and Pena because plaintiff has failed to allege that a Fourth Amendment "seizure" occurred.

### C. Defendants Berry and Pena are entitled to qualified immunity.

As an alternative basis for dismissal, defendants Berry and Pena assert that they are entitled to qualified immunity because they did not commit a constitutional violation. Doc. 24 at 5–6. "[Q]ualified immunity is an affirmative defense to a section 1983 action . . . ." *Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

7

To assert a plausible § 1983 claim against an individual defendant asserting a qualified immunity defense, plaintiff must allege facts that "make out a violation of a constitutional right," and demonstrate that "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). At the motion to dismiss stage, the court scrutinizes defendants' conduct as alleged in the complaint. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

Here, as explained in Part II, plaintiff never alleges a violation of a constitutional right. Plaintiff alleges that the officers would speed up every time plaintiff tried to stop his motorcycle, and "ran [him] down until [he] had nowhere to go but into the river." Doc. 1 at 2. The court has construed his allegations as an attempt to assert a Fourth Amendment claim—albeit a failed attempt. To state a claim under the Fourth Amendment, plaintiff first must show that a "seizure" has occurred. U.S. Const. Amend. IV. Fourth Amendment seizures require an "'intentional acquisition of physical control.'" *Childress*, 210 F.3d at 1156 (quoting *Brower*, 489 U.S. at 599). Plaintiff never alleges that officers stopped him or had physical control over him. Instead, he alleges that officers pursued him, and then he drove his motorcycle into a river as a result. Doc. 1 at 2. These allegations won't suffice to allege a constitutional violation.

Plaintiff's failure to allege a plausible claim that defendants violated one of his constitutional rights provides defendants all they need for qualified immunity. As explained at the outset, qualified immunity applies when the plaintiff fails to allege a violation of a "clearly established" right. *Pearson*, 555 U.S. at 231. This is precisely what plaintiff has failed to do here. This means that qualified immunity applies and thus provides an alternative reason to dismiss the claims in the Complaint against defendants Berry and Pena.

### IV. Conclusion

The WPD is not an entity subject to suit, so the court dismisses plaintiff's claim against it. And, plaintiff has failed to state a claim under which the court can grant relief against any defendants. As an alternative basis for dismissal, defendants Berry and Pena are entitled to qualified immunity. The court thus grants defendants' Motions to Dismiss (Docs. 18 & 23).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motions to Dismiss (Docs. 18 & 23) are granted.

**IT IS SO ORDERED.**

**Dated this 13th day of January, 2020, at Kansas City, Kansas.**

>     **s/ Daniel D. Crabtree**
>     **Daniel D. Crabtree**
>     **United States District Judge**